Brown *v.* Fargo.

we still have jurisdiction to hear it. (*Code,* § 10.) The act of December, 1847, when applied to appeals depending on the first of July, is not so inconsistent with any thing in the code as to come within the repealing section. (388.) The code-makers did not intend to take away any right which had already attached under the old law ; but only to change the law for the future.

Whether appeals may still be brought from the decisions of the supreme court on bills of exceptions, in cases where the action was pending prior to the first day of July, is a question which need not now be decided.

We are of opinion that this appeal, and the others which have been mentioned as depending on the same question, may be prosecuted in the same manner as though the code had no been passed.

Ordered accordingly.

## BROWN *vs.* FARGO.

The judiciary act of December, 1847, (*Stat. of* 1847, *p.* 639,) authorizing appeal from decisions of the supreme court on bills of exceptions, applies only to cases where the supreme court grants or refuses a new trial before any judgment in the cause; and not to cases where that court reverses or affirms the judgment of a subordinate court.

*J. K. Porter* moved to dismiss the appeal. In May, 1848, the supreme court, on writ of error, reversed the judgment of the Chenango common pleas, and ordered a *venire de novo* to issue. From that decision the defendant in error appealed to this court before the first of July, 1848, under the judiciary act of December, 1847.

*N. Hill, Jr.* for the respondent.

PER CURIAM. The statute under which this appeal is brought does not authorize an appeal in such a case. The remedy was by writ of error.

Motion granted.